UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| MONICA ESTILETTE AND<br>DONALD ESTILETTE | * * * | CIVIL ACTION NO: |
| VERSUS | * * | JUDGE: |
| DOLLAR GENERAL CORPORATION<br>AND/OR DOLGENCORP, LLC | * * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>NOTICE OF REMOVAL</u>

TO: The Honorable Judges of the
United States District Court for the
Western District of Louisiana

NOW INTO COURT, through undersigned counsel, comes Defendants, Dolgencorp, LLC and Dollar General Corporation, who hereby files this Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Western District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

I.

Plaintiffs, Monica Estilette and Donald Estilette, persons of the age of majority and domiciled in the Parish of St. Landry, State of Louisiana who, according to their Petition,

suffered injuries and damages on or about August 12, 2012, as a result of a slip/trip and fall incident at Dollar General.[1]

## II.

On August 8, 2013, Plaintiffs sued Dollar General in the 27th Judicial District Court for the Parish of St. Landry Parish, State of Louisiana. The Civil Action Number is 13-C-3695-C and is titled "*Monica Estilette and Donald Estilette v. Dollar General Corporation and/or Dolgencorp, LLC.*

## III.

Dollar General was served with the suit on August 15, 2013  This case is removable when undersigned counsel for Dollar General received correspondence from Plaintiffs' counsel[2] that Mrs. Estilette is requesting damages in excess of $75,000.00, See Exhibit 2. 28 U.S.C. §1446(b)(3). This correspondence amounts to "other paper" from which it was first ascertained that the case is one which has become removable. 28 U.S.C. §1446(b)(3); *Brown v. Richard*, 2000 WL 1653835 *5 (E.D. La.11/2/00). Dollar General files this removal within the 30-day time period required by 28 U.S.C. §1446(b). *Brown v. Richard*, 2000 WL 1653835 *5 (E.D. La.11/2/00) (holding that defendant's removal within 30 days after receipt of plaintiff's surgical recommendation from plaintiff's counsel was timely.)

## BASIS FOR REMOVAL

## VI.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332.

---

[1] See Exhibit 1, Petition ¶ 5.
[2] Plaintiff's Settlement demand letter dated 7/24/13 attached hereto as Exhibit 2.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### V.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a).

1. Plaintiffs are citizens of Louisiana;[3]
2. Defendant, Dolgencorp, LLC, is a foreign limited liability company. The sole member of Dolgencorp, LLC is Dollar General Corporation. Dollar General Corporation is a foreign corporation. It is incorporated in the State of Tennessee, and has its principal place of business in the State of Tennessee. Thus, Dolgencorp, LLC is, in turn, a citizen of the State of Tennessee;[4] and

## AMOUNT IN CONTROVERSY

### VI.

Additionally, Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893(A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, <u>the lack of jurisdiction of federal courts due to insufficiency of</u>

---

[3] See Petition for Damages, attached hereto as Exhibit 1.
[4] *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding, Ltd.*, 2007 WL 2848154 (M.D. La 9/24/07) (providing that when members are themselves entities, citizenship must be traced through however many layers of members there are.).

<u>damages</u>, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount <u>is required</u>," which Plaintiff failed to do in this case. (Emphasis Added).

## VII.

Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; however, a defendant is not required to prove "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). Instead, defendants need only prove that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

## VIII.

Plaintiffs' counsel faxed a letter to undersigned counsel for Dollar General on July 12, 2013 that Mrs. Estilette is scheduled to undergo lumbar spine surgery on August 15, 2013, a copy of which is attached hereto a Exhibit 2. On July 22, 2013, Plaintiffs' counsel faxed a letter enclosing Mrs. Estilette's medical records to undersigned counsel evidencing that Dr. Jorge E. Isaza's recommendation that she undergo a lumbar fusion, a copy of which is attached hereto as Exhibit 4.

## IX.

It is apparent from the plaintiffs' July 12, 2013 letter and Dr. Isaza's recommendation that Mrs. Estilette undergo a lumbar fusion that the amount in controversy now exceeds $75,000.00, exclusive of interest and costs.

## X.

Plaintiff Monica Estilette alleges that she sought medical attention, and is entitled to the following damages as a result of the incident at issue:

1. Physical pain and suffering, past and future;

2. Mental anguish, past and future;

3. Mental suffering, past and future;

4. Medical expenses, past and future;

5. Loss of enjoyment of life;

6. Permanent disability and/or disfigurement;

7. Any other general damages recoverable under Louisiana Law; and

8. Loss of earning capacity.[5]

These injuries and damages including but not limited to the scheduled lumbar surgery, if proven, more likely than not involve an amount in controversy exceeding the jurisdictional amount. *See Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/09); 23 So.3d. 1008 (the jury awarded $103,000 in general damages plus nearly $100,000 in special damages for a cervical and lumbar strain and possible spinal pathology). *See also, Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04); 855 So.2d 687, 691 (holding that "a bulging disc in the lumbar area of the spine … is worth an award of $50,000.00 in general damages, and that the minimum amount that should be awarded for a herniated disc, regardless of the area of the spine, is worth a minimum of $100,000.00.); *Bouqust v. Wal-Mart Stores, Inc.*, 2008-0309 (La. 4/4/08); 979 So.2d 456 (Jury awarded a women that slipped and fell in a Wal-Mart store $115,000 general damages and over $200,000 in past and future medical expenses following lumbar surgery); *Hollenbeck v. Ocenaeering Intern. Inc.*, 96-0377 (La. App. 1 Cir. 11/8/96); 685 So.2d 163 (awarded $350,000 in general damages plus special damages for laminectomy/discectomy at L4-5).

---

[5] See Petition for Damages ¶ 12

## XI.

Plaintiff Donald Estilette is the husband of Monica Estilette and alleges he suffered the following damages as a result of his wife's alleged injuries:

1. Loss of consortium; and

2. society and services;

This court has jurisdiction over Mr. Estilette's claim. The Fifth Circuit has held that Rule 2 of the Federal Rule of Civil Procedure "unequivocally establishes that a third-party claim is not a separate 'action' that comprises part of a larger 'case'; rather, it is a claim that becomes part and parcel of an existing action." *Booty v. Shoney's, Inc.*, 872 F.Supp. 1524, 1528 (E.D. La. 1/11/95) citing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir.1990) (emphasis added). Likewise, the term "civil action" as used in § 1441(a) is broad enough to encompass derivative claims over which the court has supplemental jurisdiction which become "part and parcel" of the primary civil action. In other words, any additional "claims" over which the court has supplemental jurisdiction, become part of the original "civil action." *Booty*, 872 F.Supp. at 1528.

## XII.

Once the defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with</u>

their complaint. *De Aguilar v. Boeing Co.*, 47 F.3d at 412.  Once a defendant has removed the case *St. Paul* makes later filings irrelevant. *De Aguilar v. Boeing Co.*, 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845 (1938); and citing, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added).  In his case, Plaintiff has not filed a binding stipulation.

### XIII.

Further citing *St. Paul Mercury*, the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De. Aguilar,* 47 F.3d at 1409.

### XIV.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

### XV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

### XVI.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

### XVII.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

Accordingly, Defendant, Dollar General, asks that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*

| CERTIFICATE OF SERVICE | Respectfully Submitted, |
|---|---|
| I hereby certify that a copy of the above has been served on all counsel of record via facsimile, hand delivery, and/or by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below.<br><br>Jonathan C. Vidrine<br>West & Vidrine<br>510 West Magnolia<br>P.O. Box 1019<br>Ville Platte, LA 70586<br><br>This, the 4 September 2013.<br><br>*s://Sean P. Mount* | HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.<br><br>BY:  *s://Sean P. Mount*<br>DOMINIC J. OVELLA, #15030 – T.A.<br>dovella@hmhlp.com<br>SEAN P. MOUNT, #27584<br>smount@hmhlp.com<br>JASON M. BAER, #31609<br>jbaer@hmhlp.com<br>One Galleria Boulevard, Suite 1400<br>Metairie, Louisiana 70001<br>Telephone: (504) 836-6500<br>Counsel for Defendants, Dolgencorp, LLC and Dollar General Corporation |