UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONICA ESTILETTE, ET AL.** | ***CIVIL NO. 6:13-2602** |
| **VERSUS** | ***MAGISTRATE JUDGE HILL** |
| **DOLLAR GENERAL CORP., ET AL.** | ***BY CONSENT OF THE PARTIES** |

<u>**REASONS FOR RULING**</u>

Pending before the Court is a Motion for Summary Judgment filed by Dolgencorp, LLC and Dollar General Corporation (collectively "Dollar General"). [rec. doc. 17]. Plaintiffs, Monica and Donald Estilette, (collectively "plaintiffs"), have filed Opposition [rec. doc. 28], to which Dollar General has filed a Reply [rec. doc. 31].

A hearing on the Motion was held on August 20, 2014, at which time the Court denied the Motion for the reasons stated on the record. Dollar General requested written reasons be issued. For the reasons stated on the record and those set forth below, the Motion for Summary Judgment is **DENIED**.

**I. Standard on Motion for Summary Judgment**

"A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004); Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Thorson v. Epps,* 701 F.3d 444, 445 (5th Cir. 2012) *citing Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 391 (5th Cir. 2009) *quoting Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) *quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "The evidence in the record is considered in a light most favorable to the non-moving party and all reasonable inferences are drawn in favor of the non-moving party. *Id.; First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 837 (5th Cir.2009) *citing Robinson v. Orient Marine Co., Ltd.*, 505 F.3d 364, 366 (5th Cir. 2007); *See also Eastman Kodak Co. v. Image Technical Servs., Inc*., 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

## II. Liability under La.R.S. 9:2800.6

To prevail in a merchant liability claim under Louisiana law against Dollar General, the plaintiffs must prove: (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) The merchant failed to exercise reasonable care. La.R.S. § 9:2800.6(B).

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in

the exercise of reasonable care should have known, of the condition. La.R.S. § 9:2800.6(C)(1).

The Louisiana Supreme Court has interpreted the merchant liability statute to mean that the plaintiff has the burden of showing that the merchant created or had actual or constructive notice of the condition prior to the occurrence. *White v. Wal–Mart Stores, Inc*., 699 So.2d 1081, 1084 (La.1997). Moreover, with respect to constructive notice, the plaintiff must show a temporal element, that is, that the dangerous condition existed for some discrete period of time prior to the fall. *Id*. "There is no bright line time period", thus, "the time period need not be specific in minutes or hours . . . " *Id*. Rather, "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question. . . ." *Id*.

In this case, Dollar General argues that the plaintiffs cannot demonstrate a genuine dispute of material fact that it had actual or constructive notice of the liquid substance on the floor of the store, which Monica Estilette allegedly stepped into causing her to slip and fall. In support, Dollar General provides the affidavits of the two store employees present on the date of Ms. Estilette's accident, in which they state that fifteen minutes prior to the accident, there was no liquid substance on the floor.

In Opposition, the plaintiffs submit Monica Estillette's Answers to Dollar General's Interrogatories, in which Ms. Estillette states that the she was told by one of the store employees that they were busy and did not have time to clean up the spill, as well as her deposition testimony, in which Ms. Estillette concludes that the liquid substance was on the

floor for some time.  Ms. Estilette's conclusion was based on her belief that the sticky substance in which she fell was dish soap, and her experience that dish soap left on a floor for one or two hours soaks in, dries up and gets sticky, just like the substance on the floor in which she fell.

Under the applicable summary judgment standard, the evidence presented by the plaintiffs creates a genuine issue of material fact sufficient for the jury to find constructive notice on the part of Dollar General which could support liability under La.R.S. 9:2800.6.

Accordingly, summary judgment cannot properly be granted on the plaintiffs' merchant liability claim.

Signed August 22, 2014, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE